

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 20, 1961

Honorable R. E. Gray
County Attorney
San Saba County
San Saba, Texas

Opinion No. WW-1096

Re: Whether the Commissioners'
Court may maintain a private
road of an individual who
dedicates the private road
to public use and the dedi-
cation is accepted by the
Commissioners' Court, and
related questions.

Dear Sir:

Your request for an opinion from our office is sub-
stantially stated as follows:

Whether the Commissioners' Court may
maintain a private road of an individual
who dedicates the private road to public
use and the dedication is accepted by the
Commissioners' Court and related questions.

From information furnished us by you, it appears that
the landowner in question has expressly dedicated a private road
for public use and there has also been an acceptance by the Com-
missioners' Court of your County. Although a common law dedica-
tion has taken place, certain requirements such as public purpose,
competency of dedicator, and offer and acceptance have been
complied with. The Commissioners' Court holds the use of the
dedicated property in trust for the public.

As you stated in your request, some difficulty was
encountered in the past when the County maintained private roads
at public expense. We must assume in this case that the landowner
had a public purpose in mind and that the Commissioners' Court
acted reasonably in the absence of a showing to the contrary.
Here also the road in question does connect directly with the
county road system.

In many cases improvements have been made by the Commis-
sioners' Court on property dedicated both expressly and impliedly,
and acquiescence therein by the landowners has been used to show
an intention to dedicate. Tribble v. Dallas Ry. & Terminal Com-
pany, 13 S.W.2d 933 (Civ.App. 1929, error ref.), Eakens v. Garri-
son, 278 S.W.2d 510 (Civ.App. 1955, error ref. n.r.e.) In your

situation there is no controversy as to dedication, hence the Commissioners' Court may make any improvements or use any county machinery on property so dedicated.

Your first related question concerns a private landowner's petitioning the Commissioners' Court to make his private road a public one. If seven additional freeholders join him in the petition and all requisites of Article 6705 et seq., Vernon's Civil Statutes have been complied with, then the Commissioners' Court may maintain such with any of its machinery as they would any other public road.

Your second related question presents the situation wherein a private landowner petitions the Commissioners' Court to make his private road a public road. The question arises as to whether sufficient necessity exists for a jury of view to be appointed when said road is traveled by the landowner's family, his married children, his neighbors going to visit him and by anyone else who might have an occasion to travel to the landowner's home either on business or for pleasure.

As to whether a road is "necessary" as that word is used in Article 6703, Vernon's Civil Statutes, is entirely in the discretion of the Commissioners' Court, hence only a question of fact is presented. This office only advises on questions of law. Under Article 6703, the Commissioners' Court may open public roads "when necessary." Whether this particular road will be of benefit to the public is for your Commissioners' Court alone to decide. A benefit to individuals is not necessarily inconsistent with a benefit to the public. See 21 Tex.Jur., 555 et seq., Highways, Sec. 17. When the Commissioners' Court has made its determination, then the jury of view is to be appointed by said court by virtue of Article 6706 of Vernon's Civil Statutes.

## S U M M A R Y

When an individual landowner
dedicates his private road to
public use, the Commissioners'
Court may accept said road for

the use of the public and may
maintain it with county machinery.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Fred D. Ward
   Assistant

FDW:lgh:zt

APPROVED:

OPINION COMMITTEE
Morgan Nesbitt, Chairman

Harris Toler
Virgil Pulliam
Gilbert Hargrave

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore